IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STACY LAVELL FOSTER, ) | Case No. 23-10003 |
| ) | |
| ) | |
| Debtor. | |

MEMORANDUM OPINION AND ORDER FOR PAYMENT OF UNCLAIMED FUNDS

This matter came before the Court on the Application for Payment of Unclaimed Funds filed by the United States of America and the Response of the Debtor, Stacy Lavell Foster. (Docs.83,86). Upon consideration of the pleadings, the record, the arguments, and the briefs, this Court finds that the United States' Application is due to be granted for the reasons below.

JURISDICTION

This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. §157(b) and this Court has the authority to enter a final order.

PROCEDURAL BACKGROUND AND FACTS

The Debtor, Stacey Lavell Foster, ("Foster") filed this Chapter 13 bankruptcy on January 3, 2023. The Internal Revenue Service ("IRS") timely filed its proof of claim ("Claim") reflecting that Foster owed $372,978.51[1] in tax liabilities on the date of filing. (ECF Claim No. 8-1). The attachments to the IRS' Claim indicate that it perfected pre-petition tax liens in the Probate Court of Mobile County, Alabama.(*Id*.). During the pendency of the Chapter 13, Foster did not challenge

---

[1] $105,032.00 as secured and $222,797.80 as priority.

1

the taxes due, the IRS liens, or notice thereof. The Chapter 13 Trustee and the United States objected to confirmation of the Debtor's Plan and amendments thereto.(Docs. 21, 23, 44, 45, 52). Despite several continuances, Foster was not able to resolve the pending objections or propose a feasible plan and the Chapter 13 was dismissed on September 8, 2023. (Doc. 56).

The Trustee's Final Report and Accounting reflected a refund due to the Debtor in the amount of $43,683.06.[2] (Doc. 59). Upon Foster's failure to negotiate several checks within the requisite time, the Trustee transmitted $38,683.06[3] ("Unclaimed Funds") into the Court's registry under 11 U.S.C. §347(a) and *Fed.R.Bankr.P*. 3011. (Docs. 60, 67, 69). Foster filed an Application for Payment of the Unclaimed Funds on May 13, 2024, and the United States objected thereto.[4] (Docs. 77,78,79). An initial hearing was held on June 12, 2024. The Debtor did not appear at the setting. Debtor's counsel stated that he did not have a defense to the IRS's objection, and this Court sustained the IRS's Objection and disapproved the Debtor's Application. (Doc. 82).

The IRS subsequently filed an Application for Payment of the Unclaimed Funds. (Doc. 83). The Debtor filed a Response thereto asserting entitlement to the Unclaimed Funds despite the IRS lien. (86). The Court set the matter for hearing and oral arguments were considered. At the conclusion of the hearing, counsel was allowed thirty days to file a brief in reply to the Debtor's Response and address the *In re Acosta* decision cited therein. 2018 WL 3245174, 2018 Bankr. LEXIS 2008 (Bankr.D.P.R. July 3, 2018). The time for additional briefing has expired and this matter is now ripe for adjudication.

---

[2] The Unclaimed Funds accumulated from the Debtor's plan payments to the Trustee during the pendency of the case, totaling $45,000 less $930.00 paid on secured claims, $313.00 for the filing fee, and $73.94 in Trustee fees. The net of $43,683.06 was not distributed to creditors because the Debtor's plan was never confirmed.

[3] This is the total amount of three checks that were not negotiated by the Debtor from the $43,683.06 that was remitted by the Chapter 13 Trustee.

[4] The Record also reflects prior Applications for Payment of Unclaimed Funds, purportedly filed by the Debtor which were denied because of noted deficiencies and the Bankruptcy Administrator's Objection indicating that the Application(s) were fraudulent and not in fact filed by the Debtor. (Docs. 64, 65, 66).

ANALYSIS

This opinion addresses the intersection of three provisions of the United States Code. 11 U.S.C.§1326(a)(2); 26 U.S.C.§6321; 28 U.S.C.§2042.

Chapter 129 of Title 28 of the United States Code states in part that,

> . . . No money deposited under section 2041 of this title shall be withdrawn except by order of court . . . any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto obtain an order directing payment to him.

*28 U.S.C.§ 2042.*

Section 1326 of Title 11 of the United States Code (the "Bankruptcy Code") states in part that,

> . . . A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).[5]

*11 U.S.C.§1326(a)(2).*

Title 26 of the United States Code, (the "Internal Revenue Code") states in part that,

> . . . [i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

*26 U.S.C. §6321.*

Foster contends that she is entitled to the Unclaimed Funds under the plain language of 11 U.S.C. §1326(a)(2). In support of her position, she cites *In re Acosta.* 2018 WL 3245174, 2018 Bankr. LEXIS 2008 (Bankr.D.P.R. July 3, 2018). The *Acosta* Court held that the debtor was

---

[5] "Paragraph (1)(A)" requires debtors to commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount. proposed by the plan to the trustee and an "unpaid claim allowed under §503(b)" includes adequate protection payments and administrative claims.

3

entitled to unclaimed funds notwithstanding the United States' opposition and assertion of a superior claim based on its pre-petition tax liens. *Id.* The *Acosta* court reasoned that: (1) disbursing funds to the debtor did not place federal statutes at odds because it essentially returned the parties to the status quo had the bankruptcy not been filed; (2) rules of statutory construction require that the plain, unambiguous language of §1326(a)(2) be applied as written; and (3) allowing such a levy would be inconsistent with public policy by creating a race to the courthouse, burdening the court, and discouraging debtor's from filing Chapter 13. *Id.*

The IRS maintains that it is entitled to the Unclaimed Funds because federal tax liens attach to all property and rights to property, whether real or personal, belonging to the taxpayer at the time the lien arises and property acquired thereafter, unless specifically exempted by statute. *26 U.S.C. §6321; Glass City Bank v. United States,* 326 U.S. 265, 267, 66 S. Ct. 108, 110 (1945). The IRS also posits that *Acosta* was wrongly decided and that this Court should follow I*n re Pruitt* and *In re Brown,* which held that funds due to the debtor were subject to IRS levy. *In re Pruitt*, *2008 Bankr. LEXIS 1571*, *2008 WL 2079145 (Bankr. M.D. Ala. May 15, 2008); In re Brown*, 280 B.R. 231 (Bankr. E.D. Wis. 2002). *In Pruitt*, the Bankruptcy Court for the Middle District of Alabama recognized that " . . . courts are not at liberty to pick and choose when two statutes are capable of co-existence and in such instances, it is their duty to regard each as effective." 2008 Bankr. LEXIS 1571, 7 (citing …*Morton v. Mancari*, 417 U.S. 535, 551, 94 S. Ct. 2474, 41 L. Ed. 2d 290 (1974)). Thus, it harmonized §1326(a)(2) with 26 U.S.C. §6334, which provides in part, that, " . . . no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." *26 U.S.C.§6334(c)*. Since §1326(a)(2) is not listed among the 13 categories specifically exempted from levy under §6334(a), the *Pruitt* court concluded that funds held by the Chapter 13 Trustee were not exempt from an IRS levy. *Id.*

4

In *Brow*n, the Bankruptcy Court for the Eastern District of Wisconsin held that unclaimed funds resulting from payments made by the Debtor to the Chapter 13 Trustee prior to pre-confirmation dismissal were subject to levy by the IRS. *In re Brown* at 234. The opinion states in part,

> This court is satisfied that the IRS' position is correct with respect to both substance and procedure. Cases dealing with state law created liens, which required return of assets to the debtor, seem to require state court procedure for enforcement of those liens, a result that is not necessary in the instant case involving a federal tax lien. The IRS had a valid prepetition lien on all nonexempt property of the debtor, including the debtor's funds in possession of the trustee, and the lien followed those funds when they were transferred to the Clerk of Bankruptcy Court.

*Id.*

The *Brown* Court also noted that while the IRS did not serve the court clerk with a notice of levy, its challenge to the debtor's right to the funds provided an opportunity to dispute the claim and met the requirements of due process. *Id.*

*In re Pruitt* and *In re Brown* both rely on the Ninth Circuit's decision of *In re Beam*, which held that plan payments made by debtors before withdrawing their petition were subject to IRS levy. 192 F.3d 941 (9th Cir. 1999). In doing so, the *Beam* Court rejected the argument that the specific construct of §1326(a)(2) trumps the general language of §6334(c) and stated in part,

> We are persuaded that Congress clearly intended to exclude from IRS levy only those 13 categories of property specifically-exempted in section 6334(a). In drafting the levy authority of the Internal Revenue Service, Congress set forth in unambiguous language that "no property or rights shall be exempt from levy other than property specifically made exempt by [§ 6334](a)." 26 U.S.C. § 6334(c). Section 1326(a)(2) of the Bankruptcy Code is not listed among the 13 items exempt from levy under § 6334(a). Moreover, courts have construed the plain language of § 6334 literally and have refused to exempt property from IRS levy which is not specifically exempted by the statute.

*Id.* at 944.

Although the law on the issue presented is not well settled, this Court finds the reasoning

of *In re Pruitt*, *In re Beam*, and *In re Brown,* the most convincing. *In re Acosta,* despite its recency, is neither a circuit court decision nor a decision of a court in this circuit. Additionally, the public policy rationale espoused in *Acosta* is not persuasive. Bankruptcy courts routinely adjudicate entitlement to funds and this Court expects that an honest but unfortunate debtor would not be dissuaded from filing bankruptcy upon learning that funds paid to the Chapter 13 trustee would be subject to creditors' claims. Although 11 U.S.C. §1326(a)(2) generally entitles a Chapter 13 debtor to a refund of undistributed payments when the case is dismissed pre-confirmation, the IRS has broad powers to levy under *26 U.S.C. §6321*, and the limited exceptions under 28 U.S.C. *§6334* do not apply here. Further, as the Unclaimed Funds are held in the Court's Registry, this Court must simply determine which party has the superior right thereto.[6] Accordingly, this Court finds that the IRS's claim to the Unclaimed Funds provided adequate notice and met the requirements of due process for this Court to adjudicate the rights of the parties thereto, and that the Debtor's entitlement to the Unclaimed Funds is superseded by the IRS's pre-petition, perfected tax lien.

## CONCLUSION

Based on the above, it is hereby ORDERED, ADJUDGED, and DECREED that the Application for Payment of Unclaimed Funds filed by the IRS is GRANTED and the Debtor's Response in objection thereto is OVERRULED. It is further ORDERED that in accordance with the provisions of *28 U.S.C. §2042*, this Court hereby authorizes the Clerk of Court to disburse, after 14 calendar days from the entry of this Order, the UNCLAIMED FUNDS in the sum of

---

[6] This holding is limited to instances wherein unclaimed funds are held in the court registry and there is no claim of exemption. The facts of this case did not involve any funds held by the Chapter 13 Trustee and the Debtor did not raise any claim of exemption with regard to the unclaimed funds.

6

$38,683.06 to the IRS to be applied toward the indebtedness secured by the tax lien on the Debtor's property.

Dated: November 1, 2024

_____
JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE